ELIZABETH A. JORDAN *vs.* OLD COLONY STREET RAILWAY
COMPANY.

CORNELIUS JORDAN *vs.* SAME.

Bristol.    October 26, 1905. — February 27, 1906.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Negligence.    Street Railway.*

In an action against a street railway company by a passenger injured in jumping
from a car of the defendant standing on a turnout when it was about to be run
into by another car of the defendant which had entered the turnout, it was
admitted that the plaintiff was in the exercise of due care, and, on the issue of
the negligence of the motorman of the moving car, it appeared that shortly
before the accident the switch was set right and was changed by a mischievous
boy, that the motormen had been warned by the superintendent of the defend-
ant to have their cars under control when approaching a switch, and the
motorman of the moving car testified that it was his practice " when approach-
ing the switch to slow down pretty well and steady his car; that on this occa-
sion he did not notice that the switch was open until he was within twenty feet
of it." He admitted that the collision of the two cars took place eighty or ninety
feet after he passed the switch, the motorman of the other car putting it at
eighty or a hundred feet. The motorman of the waiting car saw the ap-
proaching car fifteen hundred feet away while the motorman of the moving car
did not appear to have seen the car on the turnout until he passed the switch.
There was contradictory evidence on the question whether the rails on the
turnout were slippery. *Held*, that there was evidence of negligence on the part
of the motorman of the moving car to submit to the jury.

LATHROP, J. These are two actions of tort. The first is brought
by a minor, by her next friend, for personal injuries sustained
by her while a passenger on the defendant's road. The second
action is brought by the father of the plaintiff in the first case
to recover for the loss of her services. At the close of all the
evidence the defendant asked the judge to rule that the plain-
tiffs could not recover. The judge refused so to rule ; the jury
returned a verdict for the plaintiff in each case ; and the cases
are before us on the defendant's exception to the refusal to rule
as requested. We shall consider only the first case, as no ques-
tion is made as to the right of the plaintiff in the second case to
recover if the verdict is sustained in the first case.

The accident happened about nine o'clock in the evening of
August 7, 1903. The defendant had a single track electric road;

with turnouts, between Taunton and Fall River, a distance of seventeen miles.  The car on which the plaintiff was a passenger was on a turnout waiting for a car to pass coming from Taunton on the main line, when the car coming from Taunton entered upon the turnout and caused the collision.  The plaintiff was injured by jumping from the car; but it was admitted that she was in the exercise of due care; and the only question in the case is whether the motorman of the car coming on to the turnout was negligent in not having his car under control when approaching the turnout, it being also admitted that the switch was set right shortly before the accident, and that it was changed by a mischievous boy.  The judge also ruled that the plaintiff could not recover on the count charging negligence in regard to the switch.

We are of opinion that there was evidence for the jury upon the question of negligence in the management of the south bound car.  The motorman of the car testified that it was his practice " when approaching the switch to slow down pretty well and steady his car; that on this occasion he did not notice that the switch was open until he was within twenty feet of it "; and he does not pretend that he did anything until then.  He admits that the collision took place eighty or ninety feet from the north end of the switch; while the motorman of the other car puts the point of collision at eighty or a hundred feet.  There was also evidence that motormen had been warned by the superintendent of the defendant company to have their cars under control when approaching a switch.  In addition to this the motorman of the car on the turnout testified that he saw the south bound car fifteen hundred feet away, while the motorman of the other car does not appear to have seen the car on the turnout until he had passed the switch.  The evidence was contradictory on the question whether the rails on the turnout were slippery or not.

On all the evidence we are of opinion that the ruling asked for was rightly refused; and that the case was properly submitted to the jury.

*Exceptions overruled.*

*F. S. Hall & C. C. Hagerty*, for the defendant.
*J. B. Tracy*, for the plaintiffs.